UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-81587-WM

Sheila Loren,

    Petitioner,

v.

Nancy Berryhill,
Acting Commissioner of Social Security
Administration,

    Respondent.
_____/



FILED BY _____ D.C.

SEP 27 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER DENYING MOTION TO DISMISS [DE 17] AND ORDERING RESPONDENT TO RESPOND TO THE PETITION [DE 1]

On November 16, 2018, Petitioner Sheila Loren ("Petitioner") petitioned the Court for a writ of mandamus compelling Respondent Nancy Berryhill, the Acting Commissioner of Social Security, to produce copies of records related to an alleged overpayment made to the Social Security Administration ("the Agency") and adjudicate her requests for reconsideration and waiver. [DE 1]. On March 15, 2019, the parties consented to the undersigned Magistrate Judge conducting all proceedings in this matter. [DE 15]. On March 25, 2019, the Agency moved under Fed. R. Civ. P. 12(b)(1) for the Court to dismiss the Petition, arguing that the Court lacks jurisdiction and that the Petition fails to show entitlement to a writ. [DE 17]. Petitioner responded to the motion on May 10, 2019. [DE 22]. The Agency replied to Petitioner's response on May 30, 2019. [DE 23]. For the reasons that follow, the Court denies the motion. [DE 17].

### I. Background

On May 16, 2018, Petitioner received a notice of an $8,242.00 alleged overpayment from the Social Security Administration. [DE 1] at ¶ 5. She then requested on May 29, 2018, that the

Agency reconsider its decision and separately requested that it waive the alleged overpayment. [DE 1] at ¶ 6. Her requests for reconsideration and waiver also stated an intent to inspect and copy the Agency's records relating to the alleged overpayment. [DE 22] at 7. The Agency confirmed its receipt of Petitioner's requests for reconsideration and waiver on July 3 and July 11, 2018, respectively. [DE 1] at ¶ 7. The Agency has never acknowledged receipt of Petitioner's intent to inspect and copy its records. On July 11, 2018, Petitioner also went into her local Social Security office in an unsuccessful attempt to get more information from the Agency about the status of her requests. [DE 1] at ¶ 8. Since then, she states she has had no contact with the Agency and the Agency has not yet issued decisions on either of her requests nor allowed her to inspect or copy the records relating to the alleged overpayment. [DE 1] at ¶ 9. The Agency states it is still processing Petitioner's requests and she "remains in current pay status and will continue to receive Social Security benefits until" it decides them. [DE 17] at 2.

Four months after Petitioner made her requests, she filed a petition with this Court seeking an order compelling the Agency to produce copies of records related to the alleged overpayment and adjudicate both her request for reconsideration and her request for waiver. [DE 1]. The Agency has moved to dismiss this action, alleging the Court lacks subject-matter jurisdiction and that Petitioner has failed to show entitlement to a writ. [DE 17].

## II. Analysis

### A. Jurisdiction

First, the Court must assess whether it has jurisdiction over this case. On the one hand, under 28 U.S.C. § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." On the other, the Social Security Act ("the Act"), 42

2

U.S.C. § 405(g), limits jurisdiction regarding claims arising under the Act. Neither the Supreme Court of the United States nor the United States Court of Appeals for the Eleventh Circuit has decided whether the Act bars jurisdiction under the mandamus statute. *See Lifestar Ambulance Service, Inc. v. U.S.*, 365 F.3d 1293, 1295 n.3 (11th Cir. 2004) (assuming without deciding that mandamus jurisdiction is not barred by 42 U.S.C. § 405(h)). However, in line with other decisions of this Circuit, the Court finds that jurisdiction is proper in this matter. *See, e.g., Dokic-Vukojevic v. Colvin*, No. 9:15-cv-80044, 2016 WL 7566688 (S.D. Fla. Oct. 26, 2015); *Steinberg v. Barnhart*, No. 8:04-cv-2555, 2005 WL 2277525 (M.D. Fla. Sept. 19, 2005); *see also Lifestar*, 365 F.3d at 1295 n.3.

### B. Standard of Review

Federal courts are courts of limited jurisdiction. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Under Rule 12(b)(1), a party may either facially or factually contest subject-matter jurisdiction. *Principal Life Ins. Co. v. Alvarez*, No. 9:11-cv-21956, 2011 WL 4102327, at *2 (S.D. Fla. Sept. 14, 2011). "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]" *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A factual attack, though, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Id.* Here, Respondent's attack is factual in nature.

### C. Entitlement to a Writ of Mandamus

The Social Security Act requires the Agency to make "proper adjustment or recovery" when it "finds that more or less than the correct amount of payment has been made to any person." 42 U.S.C. § 404(a)(1). Agency regulations provide that persons "adversely affected by an initial

3

determination by the [Agency] may request reconsideration." 20 C.F.R. §§ 404.907, 404.908 (2019). They also state that overpaid persons have "the right to inspect and copy" the Agency records "related to the overpayment." 20 C.F.R. § 404.521 (2019). Individuals intending to inspect or copy those records must notify the Agency "stating his or her intention to inspect or copy" and then they "will be informed as to where and when the inspection and copying can be done." 20 C.F.R. § 404.524(a) (2019). Finally, another regulation, 20 C.F.R. § 404.502(a), requires the Agency to notify claimants of "how and when [an overpayment] has occurred."

Petitioner requested reconsideration and waiver of the Agency's overpayment determination on July 3 and July 11, 2019, respectively. [DE 1] at ¶ 7. She also stated her intent to inspect and copy the Agency's records on May 29, 2018. [DE 22] at 7. The Agency has not yet acted on any of her requests. She argues the Agency has unreasonably delayed adjudication of her requests for reconsideration and waiver and delayed her right to inspect the Agency's records regarding the alleged overpayment.

To show entitlement to a writ of mandamus, Petitioner must show (1) a "clear right to the relief requested;" (2) the Agency had "a clear duty to act;" and (3) "no other adequate remedy is available." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). Mandamus is "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Id.* at 1257. "In resolving whether [28 U.S.C. § 1361] jurisdiction is present, allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." *Id.* at 1258 (internal quotations omitted).

The Agency notified Plaintiff of her alleged overpayment on May 16, 2018. [DE 1] at ¶ 5. Plaintiff then sought reconsideration and waiver from the Agency on or about May 29, 2018. [DE 1] at ¶ 6. The Agency acknowledged its receipt of those requests on July 3 and 11, 2018. [DE 1]

4

at ¶ 7. Petitioner also notified the Agency of her intent to inspect or copy records relating to her alleged overpayment on May 29, 2018. [DE 22] at 7. Although the Agency did acknowledge her requests for reconsideration and waiver, it has never acknowledged Petitioner's notification of intent to inspect or copy. And although the Agency states that she "remains in current pay status and will continue to receive Social Security benefits until [it] makes a determination" regarding her requests for reconsideration and waiver, [DE 17] at 2, it is not clear from the record if the Agency has reduced Petitioner's monthly benefits already or if it will only do so if her requests for reconsideration or waiver are denied. *See* [DE 22] at 6 (arguing Petitioner "was adversely affected by the [Agency's] initial [overpayment] determination because it simultaneously claims she was overpaid and reduced her benefits accordingly").

Taking the Petition's allegations as true for purposes of this motion, *Cash*, 327 F.3d at 1258, the Court finds jurisdiction is proper at this early juncture in this case. First, Respondent concedes that Plaintiff has a "clear right to the relief requested," that is—a decision on her requests for reconsideration and waiver, as well as a right to inspect or copy records—albeit not within a specific timeframe. [DE 17] at 9. Second, the Agency has a "clear duty to act" on her requests under applicable Social Security regulations. *See* 20 C.F.R. § 404.524(a); 20 C.F.R. § 404.502(a). And third, no alternative remedy besides a petition for a writ of mandamus is available to Petitioner to obtain relief from the Agency other than continuing to wait until the Agency renders a decision or decides to allow her to inspect its records. Thus, the Court can arguably issue a writ in this matter, jurisdiction is proper, and the motion to dismiss is denied.

As of the date of the Petition, the Agency had taken 171 days to decide Petitioner's requests and respond to her intent to inspect records. As of the date of this Order, she has waited 486 days.

The Court is particularly concerned with the Agency's refusal to acknowledge Petitioner's

5

request to inspect or copy the Agency's records related to her alleged overpayment. This is especially true given that the Agency requires claimants requesting reconsideration or waiver of an Agency decision to explain the basis for their request. *See* DE 1-4 (requiring Petitioner to state her "reasons" for not agreeing with the Agency's overpayment assessment), 1-5 (requiring Petitioner to "[e]xplain why [she] believe[s] [she] should not have to return" the alleged overpayment and "why [she] think[s] [she] was not at fault in causing the overpayment or accepting the money"). The Court has serious Due Process concerns regarding the Agency's refusal to provide Petitioner with her records so that she can properly contest the alleged overpayment. How the Agency expects Petitioner (or any other claimant, for that matter) to fully complete requests for reconsideration or waiver without providing those claimants *any* information as to its grounds for assessing an alleged overpayment is a mystery. Without adequate documentation and information with which to request reconsideration or waiver of the alleged overpayment, Petitioner's right to seek reconsideration or waiver of the Agency's overpayment decision is illusory.

Accordingly, the Court finds jurisdiction is proper in this case and the motion to dismiss is **DENIED**.

### III. Conclusion

Upon review of the motion and being fully advised of the premises, it is hereby **ORDERED** as follows:

1. Respondent's motion to dismiss [DE 17] is **DENIED**;

2. Respondent must respond to the Petition [DE 1] by October 17, 2019.

3. Petitioner may reply to Respondent's response within 21 days of its filing.

**DONE and ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of September, 2019.

                                                        WILLIAM MATTHEWMAN
                                                        United States Magistrate Judge